SUMMARY ORDER
Defendant-appellant New York City Department of Education (“DOE”) appeals from a judgment in favor of plaintiff-appel-lee Victoria Meder, awarding her damages and attorneys’ fees in the amount of $560,142.43, following a jury verdict in her favor in this action for retaliation. We assume the parties’ familiarity with the underlying facts, the procedural history, and the issues on appeal.
The DOE challenges the lost-pension benefit component of the award, which was determined to be $162,865. It argues that the District Court failed to account for pension benefits that Meder had already received and continues to receive. Meder defends the District Court’s lost-pension benefit calculation and argues that, even if the District Court erred, the DOE waived its ability to appeal this issue. Upon review of the record, we agree with Meder that the DOE waived this argument. In the District Court, the DOE opposed any award of damages for lost-pension benefits but did not object to Meder’s methodology for determining those damages in the event that they were awarded. Indeed, *397 the District Court specifically inquired of counsel for the DOE whether “[he was] in agreement that [Meder’s lost-pension calculation] accounts] for having to offset the pension benefits already received.” J.A. 196. Counsel for the DOE responded, “[y]es, your Honor.” Id. When given a second opportunity to object, counsel failed to provide a different calculation for lost-pension benefits, so that the District Court noted the award as “unobjected to.” Id. at 197. Where a party fails to challenge the calculation of damages in the District Court, we normally do not consider that issue on appeal. In re Nortel Networks Corp. Sec. Litig., 539 F.3d 129, 132 (2d Cir.2008) (“It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal.” (internal quotation marks and brackets omitted)). While we have “discretion to consider waived arguments where necessary to avoid a manifest injustice,” we normally do not exercise that discretion “where those arguments were available to the parties below and they proffer no reason for their failure to raise the arguments below.” Id. at 133 (internal quotations marks and brackets omitted). Because the DOE offers no persuasive justification for its failure to challenge the calculation of the award in the District Court — indeed, it explicitly declined the opportunity to do so — we see no basis to exercise our discretion to consider this new argument on appeal.

CONCLUSION

Accordingly, we AFFIRM the judgment of the District Court.